**In re D. Joseph FERRO, Kathleen T. Ferro, t/d/b/a Big Joe's Beer Mart, a/k/a Brewer's Outlet, Debtors.**

**Bankruptcy No. 5–89–00422.**

United States Bankruptcy Court, M.D. Pennsylvania.

Nov. 16, 1989.

Joseph A. Torsella, Berwick, Pa., for debtors/Ferro.

John H. Doran, Trustee, Wilkes–Barre, Pa.

Myles R. Wren, Scranton, Pa., for First Eastern Bank.

### OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

This matter is before the Court on Motion of the female debtor, Kathleen T. Fer-

ro requesting leave to Amend the Chapter 7 Petition in Order to remove herself as a Debtor in the above captioned bankruptcy case. Objections were filed to the Motion by the Trustee, John H. Doran, Esq., (hereinafter "trustee") and First Eastern Bank, N.A. For the reasons provided herein, we deny debtor's Motion.

On or about May 19, 1989, the above referenced debtors filed a voluntary joint petition under Chapter 7 of the United States Bankruptcy Code. The instant Motion provides that the petition should have only been titled in the name of the male debtor, D. Joseph Ferro, t/d/b/a Big Joe's Beer Mart a/k/a Brewer's Outlet. It further provides that no individual consumer debts were listed in the petition and that all the debts relate to a beverage and soda distributorship business licensed and owned only by the male debtor, D. Joseph Ferro.

The Trustee denies that the debtor was incorrectly listed on the petition and argues that both debtors represented themselves to be trading and doing business as Big Joe's Beer Mart and Brewer's Outlet and that this is substantiated by numerous documentary evidence including security agreements, notes and recorded financing statements. In short, the Trustee claims that the debtors represented themselves to all creditors and to the public as joint owners of the business and that it would be improper to ignore the petitioning debtor as the co-owner of the business at this time.

The debtor makes two primary arguments. The first is that the testimony and documentation submitted into evidence supports the assertion that only the male debtor owned the licenses, vehicles, machinery, equipment, inventory and supplies needed to operate the business and that the female debtor, while owning the real estate, did not enjoy either joint or individual ownership of the business enterprises. The second concerns whether or not property held as tenants by the entireties is subject to claims of creditors of only one of the individuals. Debtor's argument concerning this second issue provides a detailed discussion on Pennsylvania Entireties Law and whether entireties property is or is not part of the estate under the Bankruptcy Code. Resolution of this question is not essential to the disposition of this matter and will be given no further consideration.

Debtor's primary argument is that she did not have any ownership interest, either joint or individual in the business enterprise. Both debtors testified that at no time did the female debtor hold herself out as being an owner of the business. In fact, the debtors submitted into evidence numerous documentation in support of the position that only the male debtor's name was connected with the business enterprise.

On cross-examination, however, both debtors were presented with further documentary evidence reflecting that they traded and did business as the Brewer's Outlet. In particular, we direct the parties attention to Trustee's Exhibit No. 2, a direct Loan Security Agreement listing the name of the borrower as D. Joseph and Kathleen T. Ferro, trading as Brewer's Outlet; T–1, Business Note reflecting an account name of D. Joseph and Kathleen T. Ferro, trading as Brewer's Outlet; T–5 comprising a series of UCC–1 Financing Statements listing the debtors name as Ferro, D. Joseph and Kathleen T., trading as Brewer's Outlet; T–6, a business note in the amount of $125,000 with First Eastern Bank with an account name of D. Joseph Ferro and Kathleen T. Ferro; T–6A, another series of UCC–3 Financing Statement Changes reflecting the debtors name as D. Joseph Ferro and Kathleen T. Ferro, trading as Brewer's Outlet; and finally, the Bankruptcy Petition and all its supporting documentation listing the name of the debtors as D. Joseph Ferro and Kathleen T. Ferro, his wife, t/d/b/a as Big Joe's Beer Mart s/k/a Brewer's Outlet.

The debtors testified they never questioned why they signed numerous documents, including the bankruptcy petition, reflecting that the business enterprise was jointly owned. In fact, Mr. Ferro testified that his accountant would accompany him to the bank when he applied for loans. See N.T. 34. The debtors were also represent-

ed by legal counsel at the time of the filing of the petition which, as referenced above, reflects that the female debtor was t/d/b/a Brewer's Outlet. Both debtors also testified that they believed Mrs. Ferro had to sign the various bank documents presented into evidence because she owned the real estate where the business was situated.

Both individuals impressed this Court as being very articulate and knowledgeable about business matters. But, this Court finds it incredible that neither of the debtors questioned First Eastern Bank when signing documents reflecting that the female debtor had an ownership interest in the business enterprise. Additionally, any creditor doing a search of UCC Financing Statements would find a series of financing statements listing both debtors t/d/b/a Brewer's Outlet. So long as creditors were cooperating with the debtors by extending them credit, the debtors did not question nor attempt to correct the numerous documentation showing a joint ownership interest of the business. Now, however, after years of obtaining such financing, when it appears that the debtors entireties property may be subject to various creditors claims, they vehemently argue that the female debtor never had an ownership interest in the business. This argument fails in light of the evidence and testimony adduced at the time of hearing.

Consequently, based upon the testimony adduced at trial and the written documentary evidence admitted at the time of trial, we find the debtor's Motion to remove her as a petitioning debtor in the above captioned bankruptcy case is hereby DENIED.

IT IS SO ORDERED.